UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RICKY LYNN KASEY,
        *Defendant-Appellant.*

No. 02-4621

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-02-1)

Submitted: February 28, 2003

Decided: March 28, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ricky Lynn Kasey appeals from his conviction and sentence imposed for two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Kasey argues that the district court erred in denying his motion to suppress and in determining that he had a third conviction for a serious drug offense qualifying him as an armed career criminal under 18 U.S.C. § 924(e) (2000). Finding no error, we affirm.

We agree with the district court that there was no Fourth or Fifth Amendment violation related to items seized during execution of the search warrant or by Officer Davis's questions posed to Kasey regarding the rifle seen by Officer Carr. We do not find that the district court's factual findings regarding the motion to suppress were clearly erroneous or that the court's decision regarding the seizure was error. *See United States v. Rusher*, 966 F.2d 868, 973 (4th Cir. 1992). We therefore affirm this ruling on the reasoning of the district court. *See United States v. Kasey*, No. CR-02-1 (W.D. Va. filed May 3, 2002 & entered May 6, 2002).

Next, Kasey contests the district court's determination that he qualified as an armed career criminal under 18 U.S.C. § 924(e). A person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a serious drug offense, a violent felony, or both is subject to a minimum fifteen-year prison term. 18 U.S.C. § 924(e)(1). A "serious drug offense" under state law includes an offense involving distributing or possessing with intent to distribute a controlled substance for which the maximum term of imprisonment is at least ten years. 18 U.S.C. § 924(e)(2)(A)(i).

Kasey concedes that he has two prior qualifying convictions. He contests the third conviction used: a New Jersey conviction for possession of cocaine with intent to distribute. Kasey was convicted of the charge in violation of Section 2C:35-5(a)(1) of the New Jersey Code, a first degree crime. A first degree crime is punishable by a maximum term of twenty years of imprisonment. N.J. Stat. Ann. § 2C:43-6(a)(1) (West 2002).

The judgment order notes that the conviction is under the first degree statute, but the offense was "treated as second degree for sentencing." (JA 126). The punishment for a crime of the second degree is "between five and ten years imprisonment." N.J. Code Ann. § 2C:43-6(a)(2) (West 2002). Kasey argues that the offense was treated as a second degree offense and therefore the corresponding second degree punishment range should apply. Because the second degree range is *between* five and ten years, the maximum would not include ten years, Kasey argues, and therefore the offense does not qualify as a serious drug offense under 18 U.S.C. § 924(e).

We conclude that the language of 18 U.S.C. § 924(e) clearly states that the defendant must have three or more *convictions* for serious drug offenses. The statute does not contemplate that the resulting actual punishment is relevant so long as the offense of conviction carried a statutory maximum sentence of ten years or more. Because Kasey was convicted of the first degree offense, we find that the district court did not err in finding it constituted a qualifying offense under § 924(e).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*